Grimke, J.,
was of opinion the decision was correct. That Lord Audley’s case had been exploded. That refractory wive* *4 must sometimes be corrected, by reasonable chastisement. That the policy of marriage requires a strict and universal adherence to the rule that husband and wife cannot give evidence for or against each other.
The other judges were of opinion the motion ought to be granted.
Brevard, J.
The authorities are contradictory ; and I cannot find that the question has been finally settled by any modern decision.
It is laid down by Hale and Hawkins, that where the wife is the party aggrieved, and on whose person the crime is committed, she is a competent witness. Sundry cases are referred to by these authors, in support of this rule, particularly the case of Lord Audley, which seem sufficient to support it, upon the necessity of the case, where no other person is present when the offence is committed. Others maintain that the rule laid down in Audley’s case has been exploded, and that to adhere to it would be productive of the most mischievous and lamentable consequences; of family discord, and implacable domestic strife.
After the best consideration I have been able to bestow on the subject, and after weighing the reasons brought forward on both sides of the question, I incline to support the law as laid down by the judicious Blackstone, in the first book of his Commentaries, p. 443, and who is supported by Hale and Hawkins.
It might, perhaps, be wise to restrict the rule to cases of enormous guilt. But this may be doubted ; as it seems to be the policy of the law to be cautious in the admission of evidence, in proportion to the enormity of the crime charged, and the severity of the punishment.
The rule of evidence which excludes the testimony of a wife against her husband, is founded in policy to support the matrimonial union, and maintain the peace of. families, rather than on principles of public justice.
A superior policy may require an exception to the rule, in order to prevent the perpetration of enormous crimes, which otherwise might pass unpunished. But there is no case to favor this distinc. tjon. The case of the King v. Aziz, 1 Str. 633, is a case in point, to shew that a wife is a good witness to convict her husband of assaulting and beating her. It is clear that a wife may demand sureties of the peace against her husband ; and so may her husband against her. Vide 2 Haw, P. C. 631, 1 vol. State Tri. Lord Audley’s case, 1 Str. 663. 1 Lofft’s Gilb. Evid. 253. T. Raym. 1, Browl. 47. 2 Hal. P. C. 279. 1 Hal. P. C. 301. M’Nally’s *5 Evid. 162, 172, 174. Bull. N. P. 287. 1 T. R. 69. 1 Burr. 634. Co. Litt. 112, 187.
The motion was granted.